**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LENNOX L. HINKS<br><br>Defendant | Case No. 2:13-CV-04345 ODW<br>2:11-CR-00520 ODW-3-***<br><br>**ORDER DISMISSING MOTION BROUGHT UNDER 28 USC § 2255** |

I.

## I.    INTRODUCTION

Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L. R. 7-15.

## II.    FACTUAL BACKGROUND

On September 15, 2011, Defendant Hinks and his counsel signed a written plea agreement. [D.E.94]  According to the terms of the agreement, Hinks agreed to enter a plea of guilty to counts two and three of the indictment, conspiracy to interfere with commerce by means of robbery, and possession of a firearm in furtherance of a drug

trafficking offence or a crime of violence.  On September 22, 2011 Hinks appeard at a change of plea hearing.  Under oath, Hinks advised the court that he had previously been treated for mental illness while incarcerated in 2006 and that he had been prescribed medication for his mental illness which he was no longer taking. After conferring with counsel, no plea was taken.  Instead, the court ordered an expedited mental competency evaluation pursuant to 18 U.S.C §§ 4241 and 4247 to determine his competency to plead guilty or be tried.. [D.E. 99, 100].

On December 27, 2011 following receipt of the mental health evaluation, the court held a Status Conference re: Competency and found that Defendant Hinks was presently mentally and legally competent.  Thereafter, he entered a plea of guilty to counts two and three of the three count indictment.  [D.E. 128, 129.]

On March 26, 2012 Hinks was sentenced to a below guidelines range (117 – 131 months) sentence of 111 months.  This consisted of 51 months on count two and the mandatory 60 month consecutive sentence on count three. On that same day the court issued its judgment and commitment order. [D.E. 180.]

## III.   HINK'S ONE YEAR PERIOD WITHIN WHICH TO BRING HIS 2255 PETITION EXPIRED APRIL 9, 2012

28 U.S.C. § 2255(f) provides "a 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final."

2

The Supreme Court has defined "final" in the context of a habeas review as "when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffin v. Kentucky*, 479 U.S. 314, 321 (1987).

In any event, had he intended to appeal, his notice of appeal should have been filed 14 days following entry of judgment, or by April 9, 2012. See Rules of Appellate Procedure, Rule 4(b)(1)(A). When he did not seek an appeal, his conviction became final at that time. To put it another way, as of April 9, 2012 the "availability of appeal [was]exhausted." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2012. His one year period within which to file his 2255 petition expired April 9, 2013. His Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C.§ 2255 was filed over two months past the statute of limitations. [D.E. 191]

Hinks did not file his petition until June 17, 2013—well after the one year statute of limitations. Putting aside for the moment the lack of merit in Hinks' petition given that he received a below guidelines sentence, his petition is time-barred.

Here, Hinks appeared to be the more "blood-thirsty" of the group. That is to say, any argument his counsel might have made regarding sentence entrapment, likely would have had only a marginal or no effect on the ultimate sentence. Quoted here is an excerpt of paragraph 15 of the PSR reflecting conversations between the undercover special agent and members of the conspiracy:

On May 18, 2011, the UC-SA and UC-SA2 met with Woods, Taylor, and **Hinks**, to further discuss the robbery plans. During the meeting, UC-SA inquired to Taylor, "so this is your guy?" referring to **Hinks** to which Taylor replied, "yeah, this is my guy," and pointed to **Hinks**. **Hinks** said that he had been doing this type of thing since he was young and that he needed to know who needed to be hurt. He said "I don't need no trace backs, I'm gonna be the last person to walk out," meaning that he did not want to leave any evidence behind. **Hinks** made a statement which indicated that the guards were going to be killed after the robbery.

In addition, his argument of sentence entrapment, had it been made, would have had little or no traction.  Instead of being intimidated by the amount of drugs allegedly at the stash house, he seemed to welcome the challenge of repackaging and reselling the drugs.  During that final conference among co-conspirators,  "**Hinks** also stated that he had previously broken down and repackaged cocaine."  PSR, ¶ 15.

Hinks makes no argument that equitable tolling applies in this case, therefore it will not be addressed.  The court will note however, that no basis for equitable tolling is evident to the court.

**IV.    CONCLUSION**

Hink's Petition for Writ of Habeas Corpus is time-barred under 28 U.S.C. § 2255(f). The government's Motion to Dismiss (ECF No. 194) is **GRANTED**;

Hink's petition is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

August 23, 2013

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**